# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2022

Lyle W. Cayce
Clerk

No. 20-11096
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jack Wade Warren,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:83-CR-138-1

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jack Wade Warren, federal prisoner # 13477-077, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denials of his motion to dismiss his underlying convictions for lack of subject-matter jurisdiction and his subsequent motion for reconsideration. The district

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

court denied Warren's request to proceed IFP on appeal because he failed to provide a certificate of his inmate trust account, as ordered by the district court.

Before this court, Warren contends that he should be permitted to proceed IFP without further authorization pursuant to Federal Rule of Appellate Procedure 24(a)(3) based on his prior IFP status. However, Rule 24(a)(3) does not apply here because Warren was last granted IFP status over seven years ago and, in the interim, the district court denied him IFP status due to his failure to provide a certified copy of his inmate trust account statement as required by 28 U.S.C. § 1915(a)(2). *See* FED. R. APP. P. 24(a)(3)(A).

In addition to Warren's failure to provide the requisite financial information, Warren has not shown that he has a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Because this appeal is frivolous, we may dismiss it sua sponte. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. We caution Warren that the filing of future repetitive, frivolous, or abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

Accordingly, we DENY Warren's motion to proceed IFP on appeal, DENY his motion to amend the caption, DISMISS his appeal as frivolous, and issue him a SANCTION WARNING.